## THOMAS J. DOW *vs.* WILLIAM C. LEWIS.

In a deed of land, which contains no express covenants, and purports to be and is but the mere execution of a power conferred by statute, and in which the grantor does not assume to have or convey any estate, title or interest of his own, the word "give" implies no warranty.

A deed from a deputy sheriff, of an equity of redemption attached and seized on execution, which recites the sale of said equity by the grantor to the grantee, and by which the grantor purports to have "given, granted," &c. and to "give, grant," &c. to the grantee "all the right in equity which the debtor had at the time of said attachment," but contains no express covenants, does not imply any covenant, even against defects occasioned by the grantor's mode of conducting the sale.

ACTION OF CONTRACT. The declaration alleged that the defendant made to the plaintiff the deed, which is copied in the margin; * that Lovell Shattuck, in said deed mentioned, by

* Know all men by these presents, that I, William C. Lewis of Groton in the county of Middlesex and Commonwealth of Massachusetts, gentleman, and a deputy sheriff under John S. Keyes, Esq., sheriff of said county, having, on the thirteenth day of December in the year of our Lord eighteen hundred and fifty

reason of sundry mortgages and releases described in the declaration, had, on the 20th of September 1852, one right in equity to redeem fifty eight rods of the westerly portion of the estate described in the deed, and a separate and distinct right in equity to redeem the residue of said estate, from the mortgages thereon; that the defendant, on the 13th of December 1853, took on

three, by virtue of an execution issued upon a judgment recovered at the supreme judicial court within and for the county of Middlesex on the tenth day of December A. D. 1853 by Mary Flint against Lovell Shattuck and Samuel Farrar for the sum of six hundred and ninety seven dollars and costs of suit taxed at thirty one dollars and thirty four cents, attached and taken the right in equity which the said Lovell Shattuck had on the twentieth day of September A. D. 1852, being the time when the same was attached on mesne process, to redeem the following described mortgaged real estate, to wit, a certain parcel of land, situate nearly opposite to and near the first parish meeting-house in said Groton, containing one acre and a half, more or less; [described by metes and bounds;] and having, thirty days before the time of sale, given notice in writing to the said Lovell Shattuck of the time and place of sale, and having posted up notifications thereof in two public places in said town of Groton, and in one public place in each of the towns of Pepperell and Westford, being towns adjoining said town of Groton, and also having caused an advertisement of the time and place of sale to be published three weeks successively, before the day of sale, in the public newspaper called the Lowell Journal and Courier, printed at Lowell, in said county of Middlesex; on the twenty-first day of January in the year of our Lord eighteen hundred and fifty four, made sale of said right in equity, at public vendue, to Thomas J. Dow, he being the highest bidder for the same, for the sum of three hundred and twelve dollars; and in consideration of said sum of three hundred and twelve dollars, to me paid by the said Thomas J. Dow, the receipt whereof I do hereby acknowledge, I have given, granted, bargained and sold, and do, by these presents, give, grant, bargain, sell and convey to the said Thomas J. Dow, his heirs and assigns forever, all the right in equity which the said Lovell Shattuck had of redeeming the aforesaid mortgaged real estate at the time aforesaid. To have and to hold the same to the said Thomas J. Dow, his heirs and assigns, to his and their use forever; subject, however, to be redeemed agreeably to the law in such case provided. In witness whereof, I, the said William C. Lewis, have hereunto set my hand and seal this seventh day of March in the year of our Lord eighteen hundred and fifty four.

Signed, sealed and delivered        Vm. C. Lewis, D. Sh'ff. [Seal.]
    in presence of us.
    Welcome Lothrop.
    John Spaulding, Jr.

execution all the right in equity which Shattuck had on the 20th
of September 1852 of redeeming the mortgaged real estate de-
scribed in said deed; and afterwards gave notice, according to
law, that he would sell all the right in equity which Shattuck had
on said 20th of September, and all the right in equity which
Shattuck had at the time of the publication of said notice, of
redeeming said mortgaged real estate; and on the 21st of Jan
uary 1854 put up Shattuck's two separate rights in equity for
sale by public auction, as if they had constituted one right in
equity, and struck off the same to the plaintiff for one gross sum
and without distinguishing the price of each; instead of selling
the same separately, as he was in law bound to do.  And so
the declaration averred, the defendant had no right to convey to
the plaintiff, his heirs and assigns, all the right in equity which
Shattuck had on said 20th of September of redeeming the estate
described in said deed; and the defendant has not warranted
and defended the said land to the plaintiff; but Jacob Pollard,
claiming under a deed from Shattuck, not recorded, and of
which the plaintiff had no notice on or before said 21st of Jan-
uary, lawfully held and still holds the plaintiff out of said wes-
terly portion of the estate.

The defendant demurred to the declaration, because the
deed given by the defendant to the plaintiff contained no cove-
nant, contract or agreement by which the defendant was liable
to the plaintiff for not conveying or for not warranting to him
the right in equity which Lovell Shattuck had on the 20th of
September 1852.

*B. Russell & S. A. Brown*, for the defendant.  The word
" give," in the form of deed now in use, never implies a war-
ranty; at least in deeds made by one having no estate in the
premises, in the mere execution of a power conferred by law.
*Allen* v. *Sayward*, 5 Greenl. 230.  *Sumner* v. *Williams*, 8 Mass.
201.  A covenant is never to be implied, when contrary to the
intent of the parties, as shown by the whole deed.  *Griffith* v.
*Goodhand*, T. Raym. 464.  *Browning* v. *Wright*, 2 Bos. & Pul.
13.  A sheriff, selling on execution, does not warrant the title
of the debtor.  *Smith* v. *Painter*, 5 S. & R. 225.  Gwynne on

Dow v. Lewis.

Sheriffs, 340. *Vattier* v. *Lytle*, 6 Ohio, 477. *McArthur* v. *Porter*, 1 Ohio, 99. *Lieby* v. *Parks*, 4 Ohio, 469. A sheriff or other public officer, conveying an estate in the terms of the statute, by a deed executed in his official capacity, does not thereby render himself personally liable for a failure of title, even when those terms include express covenants of warranty, and the defect is the result of his own fault. *Gibson* v. *Mussey*, 11 Verm. 212. *Wilson* v. *Cochran*, 14 N. H. 397. *Stephenson* v. *Weeks*, 2 Foster, 257. The officer may be responsible to the execution creditor for a neglect of duty, but is not liable to the purchaser.

*H. Gray, Jr.* for the plaintiff. The defendant, in his deed, says that he has given and granted, and does hereby give and grant "all the right in equity which the said Lovell Shattuck had of redeeming the aforesaid mortgaged real estate, at the time" of the attachment. But in fact the sale was void, at least as against the debtor, by reason of the two separate equities of redemption being sold together as one estate. *Fletcher* v. *Stone*, 3 Pick. 250. And it has been avoided by the conveyance to Pollard. The plaintiff, having accepted a deed from the sheriff, could not maintain an action to recover back the purchase money, and is without remedy if this action cannot be maintained. If the terms of the deed express or imply a covenant, it is immaterial whether the grantee knew, or might have known the defect in the title. *Townsend* v. *Weld*, 8 Mass. 146.

1. In every deed, conveying land in fee simple, without express covenants, the word "give" implies a warranty during the life of the grantor. Co. Lit. 384 *a*, & *note* 332. 2 Inst. 275, 276. 2 Bl. Com. 300, 301. *Noke's case*, 4 Co. 81 *a*. *Williams* v. *Bennett*, 1 C. B. 429, 430. *Frost* v. *Raymond*, 2 Caines, 193, 194, and authorities cited. *Crouch* v. *Fowle*, 9 N. H. 222, and authorities cited. *Young* v. *Hargrave*, 7 Ohio, pt. 2, p. 63. The remark of Weston, J. in *Allen* v. *Sayward*, 5 Greenl. 230, that "this covenant, thus raised by implication of law in a feoffment, does not arise from the use of the same term, in instruments which derive their efficacy from the statute of uses," (which is the origin of the doubts, expressed in some modern cases and text books, as to the effect of this word at the present

day,) was not required by that case, for that deed contained express covenants, which necessarily excluded any implied covenant; and is founded on a misunderstanding of the remark of Blackstone, who, after speaking of the effect of the word *dedi*, the operative word of feoffment, only says that "in other forms of alienation," (that is to say, in those in which this word is not used,) " no warranty whatsoever is implied." 2 Bl. Com. 301.

2 " Give and grant" imply a covenant of good right to convey. *Holder* v. *Taylor*, Hob. 12. The right, which Shattuck had to avoid this deed, and which he exercised by the conveyance to Pollard, was a breach of the covenant of right to convey. *Nash* v. *Aston*, T. Jon. 196, and Skin. 42.

3. Every grant of any right, interest, or benefit, carries with it an implied undertaking, on the part of the grantor, that he wil. do no act to interrupt the free and peaceable enjoyment of the thing granted. *Dexter* v. *Manley*, 4 Cush. 24. *Pomfret* v. *Ricroft.* 1 Saund. 322. *Baber* v. *Harris*, 9 Ad. & El. 536, and 1 P. & D.v. 363. On the same principle, the words of this deed imply a covenant that the grantor has done all the acts required of him by law to pass all the right which Shattuck had at the time referred to.

4. The language of the whole deed, taken together, including the recital, shows the intention of the grantor to covenant that he had done all the acts required of him to convey all the right mentioned, especially as against the debtor. *Severn & Clerke's case*, 1 Leon. 122. *Lovering* v. *Lovering*, 15 N. H. 313. *Penn* v. *Preston*, 2 Rawle, 14. *Parker* v. *Smith*, 17 Mass. 413.

5. Words, used by way of covenant, that would bind an indivdual acting in his own right, will bind a trustee or public officer, if he voluntarily uses them. *Bickford* v. *Page*, 2 Mass. 455. *Sumner* v. *Williams*, 8 Mass. 198, 209, 210, 211. *Whitney* v. *Dewey*, 15 Pick. 433. *Knipe* v. *Palmer*, 2 Wils. 130. *Wade* v. *Merwin*, 11 Pick. 280. *Mitchell* v. *Hazen*, 4 Conn. 513, 514. *Duvall* v. *Craig*, 2 Wheat. 56. If he uses words which are appropriate only to the owner of the land, there is no reason why he should not be equally bound by them, especially when they are not prescribe l by law.

Thomas, J. That in a feoffment at common law the word *dedi*, "give," implied, in the absence of express covenants, a warranty during the life of the grantor, is well settled. Co. Lit, 384 *a*. 2 Inst. 275, 276. But we know of no authority or sound reason for extending this technical rule to an instrument which purports to be and is but the execution of a power given by statute, and in which the grantor neither assumes to have nor to convey any estate, title or interest of his own.

The deed of the officer, duly made, " shall give to the purchaser all the right, title and interest in the premises, that the debtor had therein." Rev. Sts. *c.* 73, § 38. See also *St.* 1798, *c.* 77, § 5.

If we were to seek to extend the effect of the word " give " in a feoffment at common law, to a sale made by an officer under the statute; as the estate conveyed is that of the debtor, and the deed given is that of the sheriff; we should be at a loss to determine what the implied warranty was—whether it was of an estate for the life of the debtor, or for the life of the officer.

In the case of a feoffment, if the grantor assumes to give and grant an estate, the law may well say that he that gives shall be presumed to intend at least an estate for his life, and a warranty to that extent. No such reason applies to this instrument. The officer, in the deed executed by him, assumes only to convey " all the right in equity " the debtor had of redeeming the estate.

In the case of *Sumner* v. *Williams*, 8 Mass. 201, there is a strong intimation, to say the least, that in the case of a sale by an officer or trustee, from the use of the word " *dedi* " a covenant is not to be inferred as an implication of law. There is no case that has determined otherwise. There is no good reason why there should be.

The difficulty in this case is, that the officer has not so taken the preliminary steps, has not so complied with the provisions of law, as to enable him to make a valid deed, and the grantee has no covenants that the officer has so complied.

If the plaintiff has a remedy, it is upon no covenants, express or implied. *Demurrer sustained.*